******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

FRANK HARRIS *v.* COMMISSIONER
OF CORRECTION
(AC 47330)

Cradle, C. J., and Elgo and Wilson, Js.

*Syllabus*

The petitioner, who had been convicted of several crimes, appealed, on the granting of certification, from the habeas court's judgment denying his petition for a writ of habeas corpus. He claimed, inter alia, that his guilty plea to a charge of risk of injury to a child was not made knowingly, intelligently and voluntarily, in violation of his right to due process, because his criminal trial counsel failed to advise him that he would be required to register as a sex offender as a consequence of the plea. *Held*:

The petitioner's claim that his plea was not entered knowingly, intelligently and voluntarily was unavailing, as, although there was some uncertainty at the petitioner's plea proceeding as to whether his age at the time he committed the offense at issue might exempt him from the requirement of sex offender registration, the record amply reflected that the trial court expressly advised him during its plea canvass that he might have to register as a sex offender, the petitioner acknowledged on the record that he understood that possibility, and the habeas court credited the testimony of his criminal trial counsel that she had advised him of the registration requirement before he entered his plea.

The petitioner could not prevail on his claim that the habeas court erred in concluding that he failed to demonstrate that his criminal trial counsel rendered ineffective assistance in failing to advise him that he would be required to register as a sex offender as a result of his guilty plea, as, even if this court assumed that counsel's performance was deficient, the petitioner failed to demonstrate that he was prejudiced thereby, as the habeas court, being the sole arbiter of the credibility of witnesses, was not required to accept the petitioner's testimony that he unequivocally would not have pleaded guilty or would have pursued a plea offer that did not require sex offender registration had he known he would be required to register as a sex offender.

Argued May 21—officially released August 26, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Bhatt, J.*; judgment denying the petition, from which the petitioner, on the

granting of certification, appealed to this court. *Affirmed.*

*Judie Marshall*, assigned counsel, for the appellant (petitioner).

*Christopher A. Alexy*, senior assistant state's attorney, with whom, on the brief, were *Margaret E. Kelley*, state's attorney, and *Elizabeth M. Moseley*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

CRADLE, C. J. In this certified appeal, the petitioner, Frank Harris, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that (1) his guilty plea to risk of injury to a child in violation of General Statutes § 53-21 (a) (2) was not knowingly, intelligently and voluntarily entered in violation of his right to due process because he was not advised that he would be required to register as a sex offender, and (2) his trial counsel, Susan Brown, rendered ineffective assistance in failing to so advise him. We affirm the judgment of the habeas court.

The following undisputed facts and procedural history are relevant to our resolution of the petitioner's claims on appeal. On November 15, 2018, the petitioner pleaded guilty to burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), assault in the second degree in violation of General Statutes § 53a-60 (a) (2), criminal mischief in the second degree in violation of General Statutes § 53a-116 (a) (1), risk of injury to a child in violation of § 53-21 (a) (2) and coercion in violation of General Statutes § 53a-192 (a) (3).[1]

---

[1] The petitioner pleaded guilty to the risk of injury and coercion charges pursuant to the *Alford* doctrine. See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

At the plea hearing, the prosecutor, Amy L. Bepko, informed the court, *Brown, J.*: "I do believe that the [petitioner] needs to be advised of sex offender registration, although he was seventeen at the time of the offense, [so] I don't know how that affects registration." Following a sidebar conference with Bepko and defense counsel, the court advised the petitioner: "[T]here is the possibility . . . that you would be required to be placed on the sexual offender registry. The period, if you are required to be on it, would not be for a period in excess of ten years, and that will be made clear to you before the sentencing date of January 24, 2019. There is the possibility that you will have to be on the registry." When the court asked the petitioner if he understood, the petitioner responded, "[y]es."

On January 24, 2019, the trial court sentenced the petitioner to a total effective term of nine years of incarceration, execution suspended after four years, followed by ten years of probation. At the sentencing hearing, the court told the petitioner that he would be placed on the sexual offender registry for a period of ten years. The petitioner did not voice any objection, nor did he thereafter seek to withdraw his guilty plea.

In April, 2022, the petitioner filed this petition for a writ of habeas corpus, alleging that his plea to the risk of injury charge was not entered knowingly, intelligently and voluntarily because he was not advised that he would be required to register as a sex offender. He also alleged that Brown had rendered ineffective assistance in failing to so advise him. He alleged that he would not have pleaded guilty to the risk of injury charge if he had known and understood that he would be required to register as a sex offender.

In his return, the respondent, the Commissioner of Correction, left the petitioner to his proof. By way of

affirmative defense, the respondent alleged, inter alia,[2] that the petitioner's claims were procedurally defaulted and that the petitioner could not establish good cause for his failure to raise them at trial or on direct appeal, nor could he establish prejudice sufficient to excuse his default.

Following a two day trial, at which the petitioner, his mother, Bepko and Brown testified, the habeas court, *Bhatt, J.*, filed a memorandum of decision denying the petition for a writ of habeas corpus. In rejecting the petitioner's claim that his plea was not entered knowingly, intelligently and voluntarily, the court reasoned: "The court credits [Brown's] testimony that she was aware of the registration requirements . . . and that she advised [the petitioner] of those requirements before he entered his plea, between his plea and sentencing and on the day of sentencing. Furthermore, the court itself advised [the petitioner] that there was a possibility that he would be required to register for ten years and [that] it would be 'made clear' to him before sentencing. [The petitioner] acknowledged this on the record, prior to the court accepting the plea. Thus, he was fully aware of the consequences—potential and actual—prior to the court accepting the plea. Even if there was ambiguity at the time of the plea being accepted by the court, it was cleared up prior to sentencing and certainly at sentencing when the court informed [the petitioner] that he would have to register. He did not at that time seek to withdraw his plea or state on the record that he did not understand that consequence and did not wish to proceed further with his plea. Thus, his testimony that he was not aware of registration consequences is not credible."[3] (Footnote omitted.)

[2] The respondent also alleged that the petitioner had failed to state a claim on which relief can be granted. The habeas court rejected that argument. The respondent has not challenged that ruling on appeal.

[3] In discussing the respondent's affirmative defense of procedural default as to the petitioner's claim that his guilty plea was not made voluntarily, the habeas court explained: "The respondent has alleged that this claim is

The habeas court then addressed the petitioner's ineffective assistance of counsel claim. The court explained: "[The petitioner] alleges that [Brown] performed deficiently by failing to adequately research the law governing sex offender registration; failing to make registration requirements a meaningful part of the plea negotiations; and failing to advise him that he would be required to register for ten years without exemption. All of these claims must be denied. [Brown's] credible testimony established that she was familiar with sex offender registration requirements and advised [the petitioner] of those requirements. She further testified that she constantly and repeatedly brought up [the petitioner's] age in pretrial negotiations in order to impress upon the state and the court his youth and her disagreement with [his] having to register as a sex offender and be subject to sex offender probation. Thus, there is no deficient performance.

"Even assuming deficient performance, [the petitioner] cannot prove prejudice for two reasons: first, [Bepko] testified that, even if she were amenable to changing the charge to sexual assault in the fourth degree, she would have asked the court to impose sex offender registration. [The petitioner] has not proven a reasonable likelihood of a different outcome, i.e., [the court] would not have imposed registration anyway.

procedurally defaulted because it was not raised in the trial court or on appeal. . . . [The petitioner] responds that the claim cannot be procedurally defaulted because he did not find out until after the plea and sentencing that he would be required to register, and, therefore, he could not have raised this issue prior to sentencing. In the alternative, he asserts ineffective assistance of counsel as cause to excuse the procedural default. The court finds that [the petitioner] cannot prevail on this claim whether he procedurally defaulted or not." The court concluded, stating that "[the petitioner] cannot prove cause and prejudice, as discussed . . . in regard to [his due process claim]." Nonetheless, the court appears to have stopped short of making a finding of procedural default. Even if such finding were made, however, it would be unnecessary for us to review it because we conclude that the court properly rejected the petitioner's claims on the merits.

Second, [Brown] testified that [the petitioner] accepted the offer because he wanted to limit his jail time. This is corroborated by [Bepko's] testimony that, during the sidebar, [Brown] told her and [the court] that the plea wasn't about registration—meaning that [the petitioner] was accepting the plea for reasons unrelated to the sex offender registration and would accept the offer regardless of whether he would be required to register. This is contemporaneous evidence of [the petitioner's] motivation to accept the plea. Also weighing against [the petitioner] is the offer he accepted—four years' incarceration—compared to the significant exposure he faced for all the charges pending against him. Even the charges he actually pled guilty to: burglary in the first degree, assault in the second degree, risk of injury, among others, exposed him to well over forty years' incarceration. Thus, the court does not find credible his testimony that, had he known he would be required to register, he would have rejected the offer and gone to trial. The court further notes that at no point did [the petitioner] state on the record that he was not told he would have to register and did not seek to withdraw his plea on the basis that he had not agreed to registration or did not want to accept a plea that included registration."

The petitioner thereafter filed a petition for certification to appeal, which the habeas court granted, and this appeal followed.

I

The petitioner first claims that the habeas court improperly rejected his claim that his guilty plea was not entered knowingly, intelligently and voluntarily because he did not know that he would be required to register as a sex offender. We disagree.

"[D]ue process requires that a plea be entered voluntarily and intelligently. . . . Because every valid guilty

plea must be demonstrably voluntary, knowing and intelligent, we require the record to disclose an act that represents a knowing choice among available alternative courses of action, an understanding of the law in relation to the facts, and sufficient awareness of the relevant circumstances and likely consequences of the plea. . . . A determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances." (Internal quotation marks omitted.) *White* v. *Commissioner of Correction*, 182 Conn. App. 188, 194, 189 A.3d 171, cert. denied, 330 Conn. 904, 192 A.3d 425 (2018). Moreover, the fact that a defendant does not know with certainty the consequences of his plea does not necessarily render a plea uninformed and involuntary. Instead, in determining whether a plea is voluntarily and intelligently entered, "the ultimate issue to be resolved is whether the defendant was aware of actual *sentencing possibilities*, and, if not, whether accurate information would have made any difference in his decision to enter a [guilty] plea." (Emphasis added; internal quotation marks omitted.) *State* v. *Domian*, 235 Conn. 679, 688, 668 A.2d 1333 (1996).

"When reviewing the decision of a habeas court . . . [t]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Lopez* v. *Commissioner of Correction*, 230 Conn. App. 437, 481, 330 A.3d 933 (2025).

The petitioner claims that his right to due process was violated because, at the time of the plea, he did not know he would be required to register as a sex

offender as a consequence of the plea. A plea is not unknowing or involuntary, however, if the petitioner was aware of all of the sentencing possibilities. Here, the record amply reflects that, at the time of the plea, the petitioner was aware of the possibility that he would be required to register as a sex offender. The court expressly advised the petitioner that he might have to register, and the petitioner acknowledged that he understood the court's advisement. The petitioner argues that, "[e]ven though the habeas court did not credit the petitioner's testimony that he was unaware of registration, the petitioner's claim is nevertheless supported by the testimony of [Bepko, Brown and his mother], and the plea transcript." In so arguing, the petitioner focuses on the testimony whereby the witnesses indicated that they were not certain, at the time of the plea, that the petitioner would be required to register because he was seventeen years old when he committed the offense that exposed him to mandatory registration. Although there was some uncertainty at the time of the plea as to whether the petitioner's age at the time he committed the offense might exempt him from the registration requirement, the court canvassed the petitioner as to the possibility that he might be so required, and he acknowledged on the record that he understood that possibility. Moreover, the court credited Brown's testimony that she had advised the petitioner of the registration requirement before he entered his plea. Accordingly, the petitioner's claim that his plea was not entered knowingly, intelligently and voluntarily is unavailing.

II

The petitioner also claims that the habeas court erred in rejecting his claim that Brown had rendered ineffective assistance in failing to advise him that he would be required to register as a sex offender. We disagree.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary . . . . To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. *Strickland* requires that a petitioner satisfy both a performance prong and prejudice prong. . . . It is well settled that [a] reviewing court can find against a petitioner on either ground, whichever is easier. . . . [B]ecause a successful petitioner must satisfy both prongs of the *Strickland* test, failure to satisfy either prong is fatal to the habeas petition." (Citations omitted; internal quotation marks omitted.) *James P.* v. *Commissioner of Correction*, 224 Conn. App. 636, 644–45, 312 A.3d 1132, cert. denied, 349 Conn. 911, 314 A.3d 603 (2024).

In the present case, the habeas court denied the habeas petition on the ground that the petitioner had failed to demonstrate both deficient performance and prejudice with respect to his claim of ineffective assistance of counsel. We need not decide whether Brown rendered deficient performance because, even if we assume, without deciding, that her performance was deficient, we agree with the habeas court's conclusion that the petitioner failed to demonstrate that he was prejudiced by her allegedly deficient performance.

"To establish prejudice in cases involving guilty pleas, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . [A] petitioner must make more than a bare allegation

that he would have pleaded differently and gone to trial . . . ." (Citations omitted; internal quotation marks omitted.) Id., 645–46. "[A] petitioner's assertion after he has accepted a plea that he would have insisted on going to trial suffers from obvious credibility problems . . . and should be assessed in light of the likely risks that pursuing that course would have entailed." (Internal quotation marks omitted.) Id., 646.

The petitioner argues that he demonstrated prejudice because he testified "unequivocally" that he would not have pleaded guilty if he had known that he would be required to register as a sex offender. As the sole arbiter of the credibility of witnesses and the weight to be given their testimony, the court found the petitioner's testimony not credible, particularly in light of the fact that the charges to which he pleaded exposed him to the possibility of forty years of incarceration.

The petitioner also argues that he would have pursued a plea offer that did not require him to register as a sex offender if he had known that he would be required to register as a sex offender by pleading guilty to risk of injury to a child. The court credited Bepko's testimony that registration was important to the state and that she would have argued for registration even if she had agreed to charge the petitioner with an offense that did not carry mandatory registration. The petitioner therefore has failed to demonstrate that he was prejudiced by Brown's allegedly deficient performance. Accordingly, the petitioner cannot prevail on his ineffective assistance of counsel claim.

The judgment is affirmed.

In this opinion the other judges concurred.